UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RODRIGUEZ,

        Plaintiff,

      v.

CITY OF ALAMEDA, et al.,

        Defendants.

Case No. 14-cv-02075-TEH

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

       This matter came before the Court on August 29, 2016, on Defendants' motion for summary judgment.  After considering the parties' written and oral arguments, including answers to the questions issued by the Court in advance of the hearing, the Court now GRANTS IN PART and DENIES IN PART Defendants' motion as discussed below.

**BACKGROUND**

       This action arises from a January 4, 2013 encounter between Plaintiff Michael Rodriguez and Defendant Cameron Miele, a Defendant City of Alameda police officer.  At that time, Rodriguez was on probation after a series of marijuana-related arrests and was subject to a four-way search clause, meaning that his person, his home, any vehicle under his control, and any property under his control were subject to search without a warrant.

       Miele had previously encountered Rodriguez on October 20, 2012, after noticing Rodriguez using a cell phone while driving.  Miele initiated a stop, smelled marijuana, and did a records check that revealed Rodriguez to be on active probation.  Miele searched Rodriguez and found $800 on his person.  He also found a sandwich bag of marijuana in the vehicle.  When Miele questioned Rodriguez about the marijuana, Rodriguez showed Miele his medical marijuana card.  Miele searched Rodriguez's cell phone but found no messages consistent with drug sales, nor did Miele find a scale or any other indicia of drug sales.  Although Miele suspected that Rodriguez was selling marijuana, he did not charge

United States District Court
Northern District of California

United States District Court
Northern District of California

him due to lack of evidence.  Miele released Rodriguez after issuing a citation for using a cell phone while driving.

On January 4, 2013, Miele was working a patrol shift when he saw Rodriguez walking down the street.  Recognizing Rodriguez from his earlier encounter, Miele decided to conduct a probation search without doing another records check to make sure that Rodriguez was still on probation.  He exited his patrol vehicle, called out to Rodriguez, and began walking toward him.  Rodriguez ran away from Miele, and a foot chase ensued.  Miele caught up to Rodriguez approximately 400 feet down the street.

The parties dispute what happened next, with Miele claiming that Rodriguez was aggressively fighting back, including by repeatedly but unsuccessfully trying to strike him.  Rodriguez contends that he never swung at Miele but was instead trying to protect himself from a dog that had run up to the scene.  Several civilian witnesses observed the incident, and one witness also helped Miele subdue Rodriguez until another officer arrived to assist with handcuffing Rodriguez.

Miele struck Rodriguez several times with a wooden baton, including a strike to the back of the head.  Miele contends that he was aiming for the clavicle area and hit Rodriguez's head by mistake, which he attributes to Rodriguez's constant movement.  Rodriguez contends that Miele struck him with the baton approximately ten times, including after he was already on the ground in a crouching position and telling Miele to stop.  Rodriguez was bleeding from the back of his head – enough that Miele recalls slipping in the blood while trying to control Rodriguez – and was taken to the hospital in an ambulance.  He had two six-centimeter lacerations that were closed with fifteen and twenty-one staples.  Miele was not injured.

On January 7, 2013, Rodriguez was charged with violations of California Penal Code sections 148(a)(1), for resisting or obstructing a peace officer, and 243(b), battery against a peace officer.  A petition to revoke his probation was also filed based on these same two charges.  The probable cause declaration, signed by Miele, states: "Def. was contacted because he is known to be on probation for narcotics with a four way search

clause.  Def. fled and led a uniformed officer on a foot pursuit.  Def. attempted to strike the officer several times with a closed fist.  Def. was found to be in possession of a digital scale and suspected marijuana for sales.  Def. was in violation of his probation."  Ex. 2 to Hill Decl.

On September 13, 2013, Rodriguez entered into a plea agreement by which he admitted the probation violation but had the two criminal charges dismissed.  He was ordered to serve thirty days in county jail and to pay $220 in restitution, and his probation was extended to November 13, 2013.

Rodriguez filed this action on January 13, 2014, seeking damages for unlawful detention and use of excessive force under both state law and 42 U.S.C. § 1983. Defendants now seek summary judgment.

**LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party.  *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings or materials in the record that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the district court . . . that

there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion.  *Anderson*, 477 U.S. at 250.

# DISCUSSION

## I.     Unlawful Detention

First, Rodriguez confirmed at oral argument that he no longer seeks relief based on an alleged lack of reasonable suspicion for the stop because he concedes that he was subject to a probationary search at that time.   Accordingly, Defendants' motion for summary judgment is GRANTED as to Rodriguez's unlawful detention claims.

## II.    Excessive Force

Defendants next seek summary judgment on Rodriguez's excessive force claims on two independent bases: first, that such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and, second, that if *Heck* does not bar such claims, Defendant Miele is entitled to qualified immunity.

### A.     *Heck v. Humphrey*

Under *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Rodriguez argues that *Heck* does not apply to probation revocations, but an unpublished Ninth Circuit decision and numerous district court cases are to the contrary. *Baskett v. Papini*, 245 F. App'x 677, 678 (9th Cir. 2007);[1] *e.g.*, *Voiles v. St. John*, No. CIV 10-0948, 2010 WL 2628717, at *2 (S.D. Cal. June 24, 2010); *Stevens v. Martinez*, No. CIV

---

[1] Although it is unpublished and therefore not precedent, this opinion is citable under Federal Rule of Appellate Procedure 32.1.  Ninth Cir. Rule 36-3.

United States District Court
Northern District of California

1    S-07-2591 JAM DAD P, 2008 WL 4861247, at *2 (E.D. Cal. Nov. 6, 2008), *report and*

2    *recommendation adopted*, 2009 WL 125718 (E.D. Cal. Jan. 14, 2009); *Jackson v.*

3    *California*, No. C96-1741 SI, 1996 WL 341123, at *1 (N.D. Cal. June 12, 1996).

4           Nonetheless, the Court concludes that *Heck* does not bar Rodriguez's claim because

5    the record lacks sufficient detail concerning the factual basis for Rodriguez's admission.[2]

6    "It is sufficient for a valid conviction under § 148(a)(1) that at some time during a

7    'continuous transaction' an individual resisted, delayed, or obstructed an officer when the

8    officer was acting lawfully.  It does not matter that the officer might also, at some other

9    time during that same 'continuous transaction,' have acted unlawfully."  *Hooper v. Cty. of*

10   *San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011).  Thus, "a conviction under California

11   Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck* when

12   the conviction and the § 1983 claim are based on different actions during 'one continuous

13   transaction.'"  *Id.* at 1134.

14          In this case, the charging documents and clerk's docket and minutes are the only

15   information in the record.[3]  Other courts have found such documents to be insufficient to

16   establish a *Heck* bar.  *E.g.*, *Martin v. City of Vallejo*, No. 2:14-cv-0554 AC PS (TEMP),

17   2016 WL 2764741, at *4 (E.D. Cal. May 12, 2016) ("[A]side from the fact of plaintiff's

18   conviction, there is essentially nothing in the record from which the court can determine

19   the factual basis for plaintiff's conviction for violating § 148(a). . . .  Accordingly, the

20   court cannot conclude that plaintiff's excessive force claim necessarily implies the

21   invalidity of his conviction."); *Johnson v. Cortes*, No. C 09-3946 SI PR, 2011 WL 445921,

22   at *4 (N.D. Cal. Feb. 4, 2011) ("The record here is limited to court minutes from

23

24          [2] The Court does not consider Rodriguez's alternative argument that *Heck* does not
     bar his claims because habeas relief is unavailable to him.

25

26          [3] Defendants also submitted declarations from the docket clerk and assistant district
     attorney who prosecuted the petition to revoke probation.  Rodriguez objects to certain
27   portions of these declarations but does not object to admission of the court records
     themselves.  Because Defendants observe that the declarations "do not make any
28   additional statements outside of what is stated in the certified court records," Reply at 13,
     the Court considers only the court records.

United States District Court
Northern District of California

United States District Court
Northern District of California

proceedings in which Johnson entered a no-contest plea and was sentenced.  From those two documents, the court cannot determine the factual basis for either conviction, and therefore cannot determine that they are incompatible with success on the excessive force claim.").  The probable cause declaration contains the only factual allegations in the record: that Rodriguez "fled and led a uniformed officer on a foot pursuit" and "attempted to strike the officer several times with a closed fist."  Ex. 2 to Hill Decl.  However, the record does not establish that Rodriguez admitted to these facts, or even if he admitted to violating both Penal Code sections 148(a)(1) and 243(b).  The record states only that Rodriguez admitted to violating his probation, not on what grounds he admitted to doing so.  Moreover, even if the record established that Rodriguez admitted to all of the facts contained in the probable cause declaration, this would still be insufficient to establish that a successful excessive force claim would necessarily invalidate his probation revocation.  A jury could find, for example, that Miele used excessive force even if Rodriguez attempted to strike Miele with a closed fist at some point during their encounter.  Consequently, even though *Heck* applies to probation revocations, it is not a bar to Rodriguez's claims.

At oral argument, Rodriguez stated his contention that he never resisted arrest.  Another court in this district has found this position to be sufficient to find a *Heck* bar.  *Ortega v. Mattocks*, No. 13-cv-06016-JSC, 2014 WL 7275372, at *4 (N.D. Cal. Dec. 22, 2014) (granting summary judgment based on *Heck* where "Plaintiff's theory that the officers' use of force was excessive depends on a finding that he did not resist the officers" and the plaintiff did "not contend that even if he did violate Penal Code Section 148(a), the use of the taser or baton was still excessive").  However, this Court has previously found summary judgment based on *Heck* to be inappropriate, even where the plaintiff contended that he never resisted the officers, because allegations of no resistance "would not necessarily be proven if [the plaintiff] were to prevail in his section 1983 claim for excessive force"; instead, "[w]hat would necessarily be proven if [the plaintiff] were to prevail . . . is that 'some of the officer's conduct was unlawful' relative to the resistance

6

1   proven in [the plaintiff's] section 148(a)(1) conviction." *Beckway v. DeShong*, No. C07-

2   5072 TEH, 2011 WL 1334430, at *4 (N.D. Cal. Apr. 7, 2011) (quoting *Hooper*, 629 F.3d

3   at 1131).  In addition, unlike the plaintiff in *Ortega*, Rodriguez argues – correctly – that

4   even if the jury were to adopt Defendants' position that Rodriguez physically resisted

5   arrest at some point during the encounter, the jury could still find that Miele's use of force

6   was excessive.  The Court therefore cannot find that success on Rodriguez's excessive

7   force claim would necessarily imply the invalidity of his probation revocation.

8          Accordingly, Defendants' motion for summary judgment based on *Heck* is

9   DENIED.

10          **B.      Qualified Immunity**

11          The parties agree that the *Graham v. Connor* standard for evaluating the

12   reasonableness of force under the Fourth Amendment governs Rodriguez's excessive force

13   claims.  This standard "requires careful attention to the facts and circumstances of each

14   particular case, including the severity of the crime at issue, whether the suspect poses an

15   immediate threat to the safety of the officers or others, and whether he is actively resisting

16   arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396

17   (1989).  "The calculus of reasonableness must embody allowance for the fact that police

18   officers are often forced to make split-second judgments – in circumstances that are tense,

19   uncertain, and rapidly evolving – about the amount of force that is necessary in a particular

20   situation" and cannot be made "with the 20/20 vision of hindsight." *Id.* at 396‑97.

21          Defendants argue that the amount of force used by Miele against Rodriguez was

22   reasonable under this standard as a matter of law, and that even if it was not, Miele is

23   entitled to qualified immunity because it was reasonable for Miele to have believed that his

24   conduct was lawful. *See Pearson v. Callahan*, 555 U.S. 223, 231-32, 243-44 (2009)

25   (explaining qualified immunity standard).  Defendants' argument relies on their

26   characterization of Rodriguez as "pos[ing] an immediate threat to the officer" and as

27   "actively and aggressively resisting and battering the officer."  Reply at 9.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1        This argument is unconvincing.  Defendants concede that there is conflicting

2   evidence in the record but, at oral argument, suggested that the Court should disbelieve one

3   of the eyewitnesses.  However, this Court may not weigh evidence when analyzing a

4   summary judgment motion and must, instead, construe all factual disputes in a light most

5   favorable to the nonmoving party.  *Anderson*, 477 U.S. at 255.  Defendants also attempt to

6   rely on Rodriguez's admission to a probation violation as establishing the level of

7   Rodriguez's resistance, but this argument is unpersuasive because, as discussed above, the

8   record contains no evidence of the facts to which Rodriguez admitted.  Rodriguez's

9   admission therefore establishes neither his level of resistance nor that the force used by

10  Miele was reasonable.  The amount and timing of resistance by Rodriguez are in dispute,

11  as are the number of times and the manner in which Miele hit Rodriguez with the baton.

12  Thus, whether the force used by Miele was reasonable cannot be decided as a matter of

13  law.  Likewise, when viewing the facts in a light most favorable to Rodriguez, the Court

14  cannot conclude that a reasonable officer would have believed that Miele's conduct was

15  lawful.  Defendants' motion for summary judgment based on qualified immunity is

16  therefore DENIED.

17

18  **III.   *Monell* Claims**

19       Finally, Defendants seek summary judgment on Rodriguez's claim against the City.

20  It is well-established that:

21         a local government may not be sued under § 1983 for an injury
    inflicted solely by its employees or agents.  Instead, it is when
22         execution of a government's policy or custom, whether made
    by its lawmakers or by those whose edicts or acts may fairly be
23         said to represent official policy, inflicts the injury that the
    government as an entity is responsible under § 1983.
24

25  *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).  In opposition, Rodriguez

26  asserts two theories of municipal liability: failure to train and ratification.  As discussed

27  below, neither argument is persuasive.

28

United States District Court
Northern District of California

1   First, "the inadequacy of police training may serve as the basis for § 1983 liability

2   only where the failure to train amounts to deliberate indifference to the rights of persons

3   with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388

4   (1989).  This is because "[o]nly where a municipality's failure to train its employees in a

5   relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can

6   such a shortcoming be properly thought of as a city 'policy or custom' that is actionable

7   under § 1983."  *Id.* at 389.  In this case, Rodriguez argues that Miele's use of force must

8   have resulted from improper training.  However, he does not present any evidence of the

9   "pattern of similar constitutional violations by untrained employees [that] is 'ordinarily

10  necessary' to demonstrate deliberate indifference for purposes of failure to train. . . .

11  Without notice that a course of training is deficient in a particular respect, decisionmakers

12  can hardly be said to have deliberately chosen a training program that will cause violations

13  of constitutional rights."  *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quoting *Bd. of

14  Cty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997)).  He therefore cannot withstand

15  Defendants' motion for summary judgment based on failure to train.

16      Rodriguez's asserted ratification claim fares no better.  While a policymaker's

17  ratification of a subordinate's actions can give rise to municipal liability, the plaintiff must

18  prove both that the policymaker had knowledge of the violation and that "the policymaker

19  approved of the subordinate's act.  For example, it is well-settled that a policymaker's

20  mere refusal to overrule a subordinate's completed act does not constitute approval."

21  *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).  Here, Rodriguez fails even to

22  identify who the relevant policymaker might be, let alone introduce any evidence of

23  knowledge.  He argues that the City must have ratified Miele's behavior because it did not

24  take disciplinary action against him.  However, he cites no authority for the proposition

25  that a single failure to reprimand, without more, is sufficient to support a finding of

26  ratification, and the authority is to the contrary.  *E.g.*, *Gillette v. Delmore*, 979 F.2d 1342,

27  1349 (9th Cir. 1992) ("A section 1983 plaintiff may attempt to prove the existence of a

28  custom or informal policy with evidence of *repeated* constitutional violations for which the

9

errant municipal officials were not discharged or reprimanded.") (emphasis added); *Collender v. City of Brea*, No. SACV 11-0530 AG (MLGx), 2013 WL 11316942, at *15 (C.D. Cal. Mar. 4, 2013) (granting summary judgment where "Plaintiffs have not provided sufficient evidence showing that the ratification was a 'conscious, affirmative choice' or that the failure to reprimand officers was part of systematic problems").

Because Rodriguez has not presented sufficient evidence of either failure to train or ratification, Defendants' motion for summary judgment on the *Monell* claim is GRANTED.

**CONCLUSION**

In sum, Rodriguez concedes that he cannot obtain relief based on an unlawful detention claim.  Rodriguez has also failed to present sufficient evidence to defeat summary judgment on his § 1983 claims against Defendant City of Alameda.  However, his excessive force claims are not barred by *Heck v. Humphrey*, and Defendant Miele is not entitled to qualified immunity.  Defendants' motion for summary judgment is therefore GRANTED IN PART and DENIED IN PART.

At the hearing, the parties indicated that they have reached agreement on a new trial date.  The Court expects the parties' stipulation to be filed on or before **September 7, 2016**.

**IT IS SO ORDERED.**

Dated:   08/31/16

_____
THELTON E. HENDERSON
United States District Judge